**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| CENTRAL PRODUCE EL JIBARITO, INC., | |
| Plaintiff, | CIVIL No. 07-2122 (JAF) |
| v. | RE: COLLECTION OF MONIES PURSUANT TO PACA; UNLAWFUL DISSIPATION OF TRUST |
| ISRAEL RIVERA-QUIÑONES d/b/a/ CENTRO AHORRO RIVERA 1 and CENTRO AHORRO RIVERA 2, his wife JANE DOE and the Conjugal Partnership Constituted between them, | TRIAL BY JURY DEMANDED |
| Defendants. | |

**TEMPORARY RESTRAINING ORDER**

On November 27, 2007, Plaintiffs in the instant case filed a Complaint with attachments, a motion for issuance of a temporary restraining order, and for issuance of an order to show cause as to why a preliminary injunction should not be issued, together with a sworn statement in support thereof, and multitude of invoices and conduces.

The Court has reviewed the allegations contained in the Complaint and the documents attached thereto, as well as the motions. It appears that Plaintiff, a seller of wholesale quantities of perishable agricultural commodities, sold a variety of produce to Defendants in the interstate commerce. This sale of produce is governed by the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a-499e ("'PACA"). The aforementioned statute creates a statutory trust on all produce-related assets held by agricultural merchants, dealers and brokers, which must be maintained by the buyer

pursuant to law for the benefit of unpaid suppliers, sellers or agents who provided the commodities until full payment has been made by buyer.

Through an affidavit and other supporting documentation, Plaintiff has stated that is a produce dealer and creditor of Defendants pursuant to the aforementioned Act, and that it has not been paid for approximately $13,431.50 worth of produce that it has sold to Defendants.  The documentation supplied further shows that Defendants are experiencing cash flow problems, that their economical future is uncertain, and therefore were unable to pay Plaintiff when Plaintiff so demanded, and further, that giving notice to defendants before the restraining order is issued might provide an opportunity to further dissipate the trust funds.  If that occurs, as alleged, it seems that Plaintiff will suffer immediate and irreparable harm.  Therefore, it is justified that a Temporary Restraining Order for a period of ten (10) days be issued by the Court to maintain the status quo and preserve the rights of the parties until the Court has an opportunity to hear the allegations of the parties.

Therefore, and pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, the Court hereby **GRANTS** Plaintiff's Motion for a Temporary Restraining Order, without hearing or notice, for the next ten (10) days against defendants Israel Rivera-Quiñones d/b/a Centro Ahorro Rivera 1 and Centro Ahorro Rivera 2, his wife Jane Doe and the Conjugal Partnership constituted between them.  All defendants are ordered to abstain and/or refrain from dissipating, transferring and in any other way liquidating any assets up to the amount in question due to Plaintiff, 13,431.50.

This Court orders that all assets of defendants, including without limitation, bank accounts, and/or investment accounts of defendants be frozen.  The Clerk of the Court shall issue any writs necessary in order to enforce this order.

The Court opines that the requirements for a preliminary injunction are met here, particularly the requirements of success on the merits and irreparable harm, and Plaintiff is therefore **ORDERED** to deliver this order to defendant in person on or before December 4, 2007, at 4:00 P.M.  Defendants **SHALL SHOW CAUSE** on or before December 5, 2007, at 4:00 P.M., as to why the preliminary injunction should not be issued.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 30th day of November, 2007.

            s/José Antonio Fusté

            JOSE ANTONIO FUSTE

            Chief U. S. District Judge